UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ALFREEKA THOMAS

    Plaintiff,

vs.                                                      CASE NO.:

OXFORD MANAGEMENT SERVICES, INC.

    Defendant.

## PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, ALFREEKA THOMAS ("Plaintiff"), by and through the undersigned attorney, Katie M. Stone, and for Plaintiff's Complaint against Defendant OXFORD MANAGEMENT SERVICES, INC., ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. This is an action for actual and statutory damages brought by ALFREEKA THOMAS for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Defendant conducts business in the state of Florida; therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

VERIFIED COMPLAINT

## PARTIES

6. Plaintiff is a natural person who resides in Jacksonville, Duval County, Florida. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1692(3), and according to the Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692(a)(5).

7. Defendant, OXFORD MANAMGEMENT SERVICES, INC., is a corporation engaged in the business of collecting debt in this state with its principal place of business located at 135 Maxess Road, Melville, NY 11747.

8. Defendant is engaged in the collection of debt from consumers using the mail and telephone. Defendant regularly attempt to collect consumer debts alleged to be due to another. Defendant, is a debt collector as defined by 15 U.S.C. 1692(a)(6) and sought to collect a consumer debt from Plaintiff.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Upon information and belief, Defendant began placing collection calls to Plaintiff in February of 2010.

11. Defendant constantly and continuously placed excessive collection calls to Plaintiff, including one call placed on 6/23/10 to the Plaintiff at an inconvenient time, 9:41 PM, seeking and demanding payment for an alleged consumer debt owed under an account number.

12. Defendant placed collection calls to the Plaintiff every day including Saturdays and Sundays for a period of months.

13. During collection calls, Plaintiff has been told by the Defendant, "Get a lawyer."

VERIFIED COMPLAINT

14. To date, Defendant has not taken Plaintiff to court.

15. During collection calls, Plaintiff has been both yelled at and hung up on by Defendant.

16. As a result of the acts alleged above, Plaintiff suffered severe emotional distress resulting in headaches, nausea, sleeplessness, depression and embarrassment.

## CLAIM FOR RELIEF

17. Plaintiff repeats, realleges and incorporates by reference to the foregoing paragraphs.

18. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) Defendant violated §1692c(a)(1) by calling Plaintiff in connection with the collection of the alleged debt after 9 o'clock postmeridian, local time at the consumer's location, which is an unusual time or place or a time or place known or which should be known to be inconvenient to Plaintiff, without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction;

    (b) Defendant violated §1692d(5) of the FDCPA by causing Plaintiff's telephone to ring continuously with intent to annoy, abuse, or harass, the natural consequence of which was to harass, oppress and/or abuse Plaintiff;

    (c) Defendant violated §1692e(5) of the FDCPA by threatening to take action that it did not intend to take, such as taking legal action against Plaintiff; and

19. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt. As a result for the foregoing violations of the FDFPA, Defendants are liable to the Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, actual damages, statutory damages, costs, and attorney fees.

    **WHEREFORE,** Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

20. Declaratory judgment that Defendant's conduct violated the FDCPA;

21. Actual damages;

22. Statutory damages pursuant to FDCPA 15 U.S.C. § 1692k;

VERIFIED COMPLAINT

23. Costs and reasonable attorney fees pursuant to FDCPA 15 U.S.C. § 1692k;

24. For such other and further relief as this court may deem just and proper.

RESPECTFULLY SUBMITTED,

By: /s/ Katie M. Stone
Katie M. Stone
Fla Bar No.: 74194
Consumer Rights Law Firm
191 Merrimack Street, Suite 302
Haverhill, Massachusetts, 01830
Phone: (603) 685-3323
Fax: (888)-712-4458
attorneyks@consumerlawfirmcenter.com
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE, that Plaintiff, ALFREEKA THOMAS, hereby demands trial by jury in this action.

VERIFIED COMPLAINT

## VERIFICATION OF COMPLAINT AND CERTIFICATION

(STATE OF FLORIDA)

Plaintiff, ALFREEKA THOMAS, says as follows:

1. I am the Plaintiff in this civil proceeding

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this complaint in good faith and solely for the purposes set forth in it

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1764(2), I, ALFREEKA THOMAS, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 2/17/11

*[signature]*
ALFREEKA THOMAS
Plaintiff

VERIFIED COMPLAINT